IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case No.   CV-08-304-E-BLW |
| | ) | CR-06-42-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| KENNETH DIRK MADSEN, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is Kenneth Dirk Madsen's ("Madsen") Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-08-304-E-BLW).[1]  Having reviewed the Government's Response and Motion to Dismiss (Docket No. 9 in civil case) and Movant's Reply (Docket No. 16 in civil case) as well as the record in the underlying criminal case, the Court enters the following Order dismissing the § 2255 Motion.

### REVIEW OF 28 U.S.C. § 2255 MOTION

    A.    **Background and Summary of Issues**

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-06-42-E-BLW.

**Memorandum Decision and Order - 1**

On February 28, 2006, Madsen was charged in a single count indictment, along with co-Defendant Shawn J. Nelson ("Nelson"), with knowingly and intentionally possessing 127 grams of iodine, a listed chemical as defined in 21 U.S.C. § 802, or aiding and abetting the same, knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine, a schedule II controlled substance, in a manner other than as authorized by 21 U.S.C. §§ 801 through 971 and in violation of 21 U.S.C. § 841(c)(2). *Indictment* (Docket No. 1). On July 20, 2006, a jury returned a verdict of guilty against both Madsen and Nelson. *Minute Entry* (Docket No. 48); *Special Jury Verdict* (Docket No. 61).

Following their convictions, both Madsen and Nelson filed Motions for Acquittal (Docket Nos. 52, 54, and 55) and Motions to Revoke Detention Orders Pending Sentencing (Docket Nos. 56 and 57). Common to both parties' motions for acquittal was the argument that the Government had presented insufficient evidence from which the jury could have concluded that the iodine within the tincture of iodine solution they possessed at the time of their arrests maintained a distinct chemical identity as required by *United States v. Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006). Stated another way, they contended that the Government had not proven that the iodine tincture was iodine. The Court denied the motions for acquittal following a hearing but granted the motions for release pending

**Memorandum Decision and Order - 2**

sentencing on the grounds that the parties had raised a substantial question which, if resolved in their favor, would result in a reversal of their convictions. *Motion to Dismiss Tr.* at 51-53.

On December 8, 2006, the Court sentenced Madsen to a term of imprisonment of 63 months to be followed by three years of supervised release. *Amended Judgment* (Docket No. 82). Although the Court rarely grants release pending appeal, it did so given the unique issue raised by Madsen and Nelson. *Sent. Tr.* 61-62. On January 14, 2008, the Ninth Circuit affirmed Madsen's conviction finding that the Government's expert witness's testimony that seven percent of the iodine tincture solution consisted of iodine that could be easily extracted from the tincture solution met the *Lo* test. *United States v. Madsen*, 263 Fed. Appx. 609, 610 (9th Cir. 2008) (Mem.) (Docket No. 112). Madsen thereafter surrendered to the U.S. Marshal Service pending transport to the institution designated by the Bureau of Prisons.

On July 18, 2008, Madsen timely filed the pending § 2255 Motion alleging (1) conviction obtained by use of evidence obtained through an unconstitutional search and seizure; (2) ineffective assistance of counsel for failure to file a motion to suppress; (3) illegal pretextual stop; (4) ineffective assistance of counsel regarding the motion for judgment of acquittal; (5) and ineffective assistance of

**Memorandum Decision and Order - 3**

counsel for failure to call an expert witness. The Government responded and moved to dismiss on the grounds that Madsen waived his right to collaterally challenge the search and seizure because he failed to challenge it at trial or on appeal and that his ineffective assistance of counsel claims are without merit based on the supporting Affidavit of defense counsel.

### B. Standard of Law

#### 1. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the

**Memorandum Decision and Order - 4**

Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). However, where, assuming the truth of the specific factual allegations when viewed against the record, the movant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116 (2003).

### 2. Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of

**Memorandum Decision and Order - 5**

counsel claims is deficient performance and resulting prejudice.  See *Strickland v. Washington*, 466 U. S. 668 (1984).  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  See *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689.  This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.*  For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).  In evaluating the performance prong, the court should "assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the

**Memorandum Decision and Order - 6**

result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman*, 477 U.S. at 381-82.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

**C.     Discussion**

At the outset, the Court notes that in his Reply, Madsen challenges the Government's failure to present a Statement of Undisputed Material Facts with its Motion to Dismiss and sets forth what he claims to be disputed facts. Such a statement is not required with a motion to dismiss. Furnishing the Court with an Affidavit from defense counsel pertaining to facts outside the record may have transformed the motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 56 which does require filing a statement of undisputed facts.

**Memorandum Decision and Order - 7**

However, although the Federal Rules of Civil Procedure may be applied to § 2255 proceedings, the Court is not required to follow the Federal Rules of Civil Procedure rigidly. *See* Rule 12, Rules Governing § 2255 Proceedings; *United States v. Frady*, 456 U.S. 152, 166 n. 15 (1982). In any event, the Court can readily discern which facts are disputed by reviewing defense counsel's Affidavit and Madsen's Reply. It appears that none of the disputed facts is material to the Court's resolution of the motion.

### 1.  Illegal Search and Seizure

Madsen contends that the search of his car and the resulting seizure of evidence is unconstitutional because the search and seizure resulted from a "pretextual highway stop " and he did not consent to the search.² He cites Black's

---

² Very briefly, the following facts are relevant to this claim. Nelson drove Madsen in Madsen's vehicle from Utah to Idaho. Nelson stopped at a feed store in Malad, Idaho, and stayed with the vehicle while Madsen went in to purchase iodine. Although he requested a gallon size container, the store only had 16-ounce bottles. He purchased two bottles but asked where he could purchase the larger size. A store employee suggested a nearby veterinary clinic. She then called the Oneida County Sheriff's Office to report what she considered to be suspicious behavior. Nelson drove Madsen to the veterinary clinic where he again could only obtain 16-ounce bottles. The Sheriff and his deputy observed Madsen go into the clinic and return to the vehicle with the iodine. After the vehicle left the clinic, the Sheriff observed that the driver had failed to signal a turn at an intersection. The Sheriff then initiated a traffic stop. Nelson was arrested for driving without privileges and the vehicle was searched incident to arrest. The officers saw two bottles of the iodine in plain view in the vehicle. During the search, they also found some methamphetamine and related paraphernalia in addition to certain

**Memorandum Decision and Order - 8**

Law Dictionary definition of "pretext" and several passages from the trial transcript to demonstrate that the real purpose of the traffic stop was to investigate suspected illegal activity suggested by the purchase of large quantities of iodine.[3]

Although the Government argued waiver, Madsen's claim fails for another reason. Fourth Amendment claims of illegal search and seizure are not cognizable in § 2255 proceedings. *See* Stone v. Powell, 428 U.S. 465, 486-89; 495 (1976) (reaffirming that the exclusionary rule exists to deter Fourth Amendment violations by law enforcement personnel rather than to remedy a wrong against a defendant and as such is a "judicially created remedy rather than a personal constitutional right"). *See also* United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir. 1980) (citing *Stone*, holding that Fourth Amendment violation cannot be raised on collateral review); Tisnado v. United States, 547 F.2d 452, 456 (9th Cir. 1976) (applying *Stone* to § 2255 motions where defendant had a full and fair opportunity to litigate his Fourth Amendment claim). Accordingly, Madsen's claims of

---

items commonly used in the manufacture of methamphetamine. Thereafter, the officers arrested Madsen for possession of methamphetamine. *See generally Trial Tr.* 62-125; 129-162.

[3] Black's Law Dictionary defines "pretext" as "A false or weak reason or motive advanced to hide the actual or strong reason or motive." *Black's Law Dictionary* (8th Ed. 2004).

**Memorandum Decision and Order - 9**

unconstitutional search and seizure and pretextual highway stop are subject to dismissal.

### 2. Ineffective Assistance of Counsel

#### a. Failure to File Motion to Suppress

Although *Stone* prohibits Fourth Amendment claims on collateral review, the Supreme Court has held that the *Stone* prohibition does not extend to ineffective assistance of counsel claims based on Fourth Amendment violations. *See* Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986). To prevail on a claim of ineffective assistance of counsel for failing to file a motion to suppress evidence seized in an unlawful search, a prisoner must prove (1) that his Fourth Amendment claim was meritorious, and (2) that there is a reasonable probability that the result of the proceeding would have been different absent the excludable evidence. Kimmelman, 477 U.S. at 375. However, such failure is not *per se* ineffective assistance of counsel. Moore v. Czerniak, 534 F.3d 1128, 1138 (9th Cir. 2008) (citing *Kimmelman*, 477 U.S. at 384). Rather, a prisoner must show "that his counsel's failure to file the meritorious motion to suppress 'fell below an objective standard of reasonableness.'" Id. (quoting Strickland, 466 U.S. at 688).

Here, Madsen alleges that counsel should file a motion to suppress evidence if there is a reasonable chance of success. Defense counsel responds that he

**Memorandum Decision and Order - 10**

researched and discussed the suppression issue with Madsen on two occasions before trial and on one occasion after trial when considering whether to raise the issue on appeal.  *See Echohawk Aff.* ¶¶ 3-7, Exs. A, B, C.  He further responds that after each discussion, Madsen agreed with his assessment that their were no valid grounds for a suppression motion.  In his Reply, Madsen contends that he never agreed not to file a suppression motion and questions counsel's research efforts.[4]

---

[4] Madsen appears to question defense counsel's research efforts stating that Exhibit A to his Affidavit "is merely a printout of statutes with no notes.  There is no date or time as to when this document was printed.  The lack of material facts from a Work Product file creates questions about evidence." *Reply* 6.

A review of Exhibit A indeed reveals copies of the statute under which Madsen was charged.  However, it also contains excerpts from cases dealing with searches following traffic stops as well as notations pertaining to this case such as "No suppression issues" and "Discuss Larry's comments with Dirk." *Reply* 6.

Exhibit B is notes pertaining to case law on the search and seizure issues as well as the notation, "Dirk agrees no search suppression issue."  That Madsen states he did not so agree may indicate a disputed fact.  However, it is not material given that his agreement is not necessary to counsel's exercise of reasonable professional judgment.

As to Exhibit C, Madsen similarly states, "Exhibit C is merely a copy of cases.  It provides no evidence of an agreement.  Furthermore, these facts do not apply to my case, and it does not explain his analysis process." *Reply* 8.  However, a review of Exhibit C reveals counsel's conclusions following review of various cases. *E.g.*, "There was no problem with the stopping of the vehicle; officers can conduct a traffic stop when they observe a traffic violation."  "The officers' subjective intentions for the stop are irrelevant in this case."  "The *Belton* rule governs even though Dirk may not have been contacted until after Shawn exited the vehicle and was arrested, or that he was ordered to get out of the vehicle, and

**Memorandum Decision and Order - 11**

**Pretextual Stop**

The fact that the officers stopped Madsen's vehicle on a traffic violation with the intent to investigate possible illegal activity does not render the ensuing search and seizure unconstitutional as long as there was probable cause to believe that Nelson (who was driving) violated a traffic law.  *See* Whren v. United States, 517 U.S. 806 (1996) (finding that motivation of police officer is irrelevant as long as there is probable cause to believe the driver violated traffic laws).  *See also* United States v. Ramirez, 473 F.3d 1026, 1030-31 (9th Cir. 2007) (noting that Supreme Court clearly held that officer's subjective reason for making a traffic stop is not determinative of validity of search); United States v. Willis, 431 F.3d 714, 716 (9th Cir. 2005) ("Under *Whren*, we cannot second guess the reasons for the officer's stop.").

Here, the officers observed the driver of the vehicle failing to use a signal when  turning right at an intersection.  *Trial Tr.* 69.  Madsen does not allege that the violation did not occur.  Rather, he challenges the motivation of the officers in

---

permits the officers to search the vehicle's passenger compartment incident to a lawful arrest of both 'occupants' and 'recent occupants.'"  Clearly, these notes indicate that counsel's research addressed all areas of Madsen's concerns such as pretexual stop, lack of consent, area of search, and the fact that several others had had access to the vehicle.

**Memorandum Decision and Order - 12**

stopping the vehicle for failing to signal. Given *Whren*, Madsen fails to meet the first condition of proving that his Fourth Amendment claim based on pretextual stop was meritorious.

**Lack of Consent**

Madsen also challenges the search on the grounds that he did not consent to the search. However, his consent was not necessary given that the search was incident to Nelson's arrest for driving without privileges. *Trial Tr.* 71; 93.

Defense counsel relied primarily on *New York v. Belton*, 453 U.S. 454 (1981), and *Thornton v. United States*, 541 U.S. 615 (2004), in concluding that a motion to suppress would not be successful. *Belton* held that officers may search the passenger compartment of a vehicle as well as any containers in the compartment incident to the arrest of an occupant of the vehicle. *Id.* at 460. *Thornton* extended the *Belton* rule to include recent occupants of a vehicle. *Thornton*, 541 U.S. at 617 (concluding "that *Belton* governs even when an officer does not make contact until the person arrested has left the vehicle."). Numerous Ninth Circuit cases followed the *Belton* rule. *See, e.g., United States v. Weaver*, 433 F.3d 1104, 1106 (9th Cir. 2006); *United States v. Dorsey*, 418 F.3d 1038, 1041 (9th Cir. 2005); *United States v. Osife*, 398 F.3d 1143, 1144 (9th Cir. 2005); and *United States v. Nelson*, 102 F.3d 1344, 1346-47 (9th Cir. 1996). Clearly, under

**Memorandum Decision and Order - 13**

prevailing case law at the time, the search pursuant to Nelson's arrest would have been upheld.

The Court is aware that the Supreme Court recently narrowed the applicability of *Belton* to situations where "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" and where "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." See *United States v. Gant*, 129 S.Ct. 1710, 1714, 1719 (2009). It may be arguable that under *Gant*, the search of Madsen's vehicle may not have been upheld. However, the reality is that *Gant* was not the law at the time of counsel's decision not to challenge the search. See *Ingram v. City of Los Angeles*, 2009 WL 1396833, *1 n.1 (9th Cir. May 20, 2009) (unpublished) (noting in the context of a § 1983 action that *Gant* was not clearly established law at the time of the incident in question).[5]

---

[5] The Court notes that even under *Gant*, the search of Madsen's vehicle could have possibly been upheld under the plain view exception to the warrant requirement given that two of the containers of iodine were visible to the officers between the seats (*Trial Tr.* 71) or probable cause exception based on the feed store's reports of suspicious activity coupled with the officers' own observations when Madsen left the veterinary clinic and during the stop (*Trial Tr.* 65-68; 132; 135; 138). See *United States v. Fry*, 2009 WL 1687958 at *6 (D. Idaho June 16, 2009) (*Gant* did not alter the plain view doctrine); *United States v. Mullaney*, 2009 WL 1474305 at *3 (D. Idaho May 27, 2009) (*Gant* allows officers to search a vehicle if they obtain a warrant or if an exception to the warrant requirement applies); *Ajan v. United States*, 2009 WL 1421183 at *9 (E.D.Tenn. May 20,

**Memorandum Decision and Order - 14**

**Lack of Agreement Not to File Suppressuion Motion**

Madsen disputes defense counsel's statement that Madsen agreed with the decision not to file a motion to suppress. However, whether or not to file a motion to suppress is a strategic choice of counsel rather than a decision made by a defendant. "[S]trategic choices [by counsel] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690. Here, it appears that counsel reasonably researched the suppression issues raised by Madsen and determined that they were not viable. Cf. Kimmelman, 477 U.S. at 385 (finding ineffective assistance of counsel where failure to file a motion to suppress resulted from failure to conduct pretrial discovery rather than from a strategic decision); Moore, 534 F.3d at 1140-41 (finding decision not to file motion to suppress to based on erroneous reasons rather than a strategic decision).

Madsen also contends that he wanted to pursue the Fourth Amendment issue on appeal and that counsel refused to do so. A defendant "has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."

---

2009) (noting that despite *Gant* even if vehicle search were not permitted incident to arrest for drunk driving, discovery of pills on arrestee's person provided probable cause to search the car for contraband).

**Memorandum Decision and Order - 15**

*Jones v. Barnes*, 463 U.S. 745, 751 (1983).  However, a defendant does not have a constitutional right "to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."  *Id.*  Rather, trained counsel has a "superior ability" to examine the record, research the law, and marshal appropriate arguments on appeal.  *Id.* (citing *Douglas v. California*, 372 U.S. 353, 358 (1963)).  Clearly, counsel here was not required to accede to Madsen's wishes to appeal the Fourth Amendment issue when he found no legal basis for the appeal.

### b.   Failure to Call Expert Witness

Madsen alleges that an expert witness should be called if it would enable the jury to made a sound decision.  He cites two excerpts from the transcript of the hearing on the post-trial motions held on August 28, 2006, as evidence of the Court's concern about the lack of an expert witness.  *See Hrg. Tr.* 55, 59.  However, those excerpts refer to the Court's concern that the *Government* did not have an expert witness to testify about whether tincture of iodine is in fact iodine.  In other words, the Court was concerned that the Government had not sufficiently presented its case.  The Court was not concerned with the lack of a defense expert witness.

Defense counsel states that he interviewed three potential expert witnesses to

**Memorandum Decision and Order - 16**

dispute the charges. *Echohawk Aff.* ¶¶ 8, 9. However, their opinions were contrary to Madsen's position. *Id.* at ¶ 9. Madsen contends that he should have been present for those interviews and that he never agreed not to hire an expert witness. Notably, despite stating that he studied many cases similar to his suggesting that counsel should have engaged an expert witness, Madsen cites no case in which an expert witness was utilized to testify that tincture of iodine was not iodine. Nor has he identified an expert witness who would have testified in his favor if asked by counsel.

The decision not to engage an expert witness was a strategic decision made after reasonable investigation made by counsel. As stated above, "[S]trategic choices [by counsel] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Whether to hire an expert witness is not a fundamental decision a defendant has the right to make. *See Jones*, 463 U.S. at 751 (noting an accused's right to make fundamental decisions such as whether to plead guilty, waive a jury, testify in his own behalf, take an appeal, or represent himself). Notably, co-counsel likewise did not engage expert counsel suggesting that either none was available or that counsel's performance was consistent with professional norms.

### c. Failure to File a Motion for Rule 29 Judgment of Acquittal

**Memorandum Decision and Order - 17**

Madsen contends that counsel did not have an argument to support his Rule 29 motion for acquittal. In support of this allegation, he refers to an excerpt from the trial transcript in which counsel stated, "Under Rule 29(a), I would move for judgment of acquittal based on the fact the government hasn't provided sufficient evidence on the elements of the crime, and I don't have argument to offer in support of that motion." *Trial Tr.* 164.

Taken in the context of the colloquy with the Court from which the excerpt is taken, it is clear that counsel was adopting the argument made by co-counsel immediately beforehand that the Government had failed to present sufficient evidence that tincture of iodine constituted iodine. *Trial Tr.* 163. Madsen does not suggest any other argument that counsel should have made.

Rule 29 motions are rarely granted, especially at the close of the Government's case. In any event, counsel filed a post-trial Rule 29 motion (Docket No. 55) and supporting memorandum (as did co-counsel) again arguing that the Government had failed to prove that tincture of iodine constituted iodine. Counsel thereafter strenuously argued his position at oral argument on the motion. Although the Court denied the motion, it found that the issue presented a close enough question to grant release pending appeal.

Even if counsel's performance had been deficient, Madsen clearly cannot

**Memorandum Decision and Order - 18**

show prejudice.  That the Ninth Circuit rejected the sufficiency of the evidence argument on appeal demonstrates that the Rule 29 motion made at the close of the Government's case would not have resulted in acquittal even if counsel had made a more detailed argument at the time.

## CONCLUSION

Madsen's claim of illegal search and seizure is clearly not cognizable in a § 2255 proceeding.  Furthermore, Madsen has demonstrated neither deficient performance nor prejudice on any of the asserted grounds of ineffective assistance of counsel.  Indeed, the Court specifically recalls that the trial and post-trial proceedings in this case were vigorously defended by very competent counsel.  *See* [Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989)](#) (court may consider its own recollections and notes of a trial).  As stated in *Strickland*, "There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client the same way." [*Strickland*, 466 U.S. at 689](#) (citations omitted).  In assessing counsel's overall performance, the Court is confident that Madsen received the effective assistance of counsel necessary to maintain the integrity of the adversarial process as required by *Strickland*.  Accordingly, Madsen's § 2255 Motion shall be dismissed.

**Memorandum Decision and Order - 19**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion to Dismiss (Docket No. 9) is GRANTED and Kenneth Dirk Madsen's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-08-304-E-BLW) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-08-304-E-BLW is DISMISSED with prejudice.

DATED: **July 23, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 20**